# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STEPHEN A. BEIGHTLER,**

    **Plaintiff,**

                                          **Civil Action 2:19-cv-02329**
                                          **Judge Sarah D. Morrison**
    v.                                  **Chief Magistrate Judge Elizabeth P. Deavers**

**OHIO HEALTH,**

    **Defendant.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Stephen A. Beightler, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting claims involving libel. (*See* ECF No. 1.) On June 3, 2019, the Clerk issued a Notice of Deficiency because Plaintiff had filed his Complaint without the required forms for a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) The deadline to cure this deficiency was July 3, 2019. (*Id.*) Plaintiff failed to file anything responsive to the Notice of Deficiency by that date. On July 11, 2019, the Court issued an Order for Plaintiff to submit, within thirty (30) days, the required filing fee or a proper application for leave to proceed *in forma pauperis* and certified trust fund statement. (ECF No. 5.) On July 19, 2019, Plaintiff submitted the proper forms for his Motion for Leave to Proceed *in forma pauperis*. (ECF No. 6.) Plaintiff's Motion is **GRANTED**. (*Id.*) Plaintiff's original Motion for Leave to Proceed *in forma pauperis* is **DENIED AS MOOT**. (ECF No. 1.)

Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(2). Plaintiff's certified trust fund statement reveals that as of June 20, 2019, he

possessed the sum of $0.01 in his prison account, which is insufficient to pay the full filing fee. (ECF No. 6, PG. ID #28.) His certified trust fund statement also indicates that his average monthly deposits during the past six months as of June 20, 2019 were $1.63. (*Id.*) Furthermore, his certified trust fund statement indicates that his average monthly balance during the past six months as of June 20, 2019 was $40.36. (*Id.*)

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate #A748937) at Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, OH 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff

and the prison cashier's office. The Clerk is **FURTHER DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As an initial matter, on June 4, 2019, Plaintiff filed a Motion for Leave to Amend. (ECF No. 3.) Plaintiff seeks to amend his Complaint "to correct the date in which the medical report was generated by defendant to reflect 23 aug 2018, 27 days after incident occurred on 17 july 2018, and day after indictment." (*Id.*) Plaintiff's Motion is **GRANTED**. (*Id.*) The Court accepts the corrections to the Complaint as indicated by Plaintiff in his Motion for Leave to Amend. (*Id.*) Having performed the initial screen of the Complaint together with the amendment, however, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

---

[1] Formerly 28 U.S.C. § 1915(d).

>    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>    \* \* \*
>
>    (B) the action or appeal--
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff's Complaint alleges the following:

> On 23 july 2018 Plaintiff Stephen A. Beightler was arraigned for felonious assault in the matter of State of Ohio v. Beightler, Hardin County Municipal CRA 1800281.
>
> On the morning of 23 july 2018[1] Ohio Health-operated Hardin Memorial Hospital generated a medical report in Ohio Health's name alleging Plaintiff responsibility for an acute bilateral displaced nasal bone of alleged victim Mark S. Beightler, six days after alleged incident occurred on 17 july 2018.
>
> On 8 nov 2018 at the trial of Stephen A. Beightler in the matter of State of Ohio v. Beightler, Hardin County 2018 CRI #2084, Hardin Memorial Hospital's Mary Wallace offered the above-referenced medical report into evidence (State Exhibit #17) and public record without seal nor the actual CT Scan Image or discs of images containing proof of the alleged acute bilateral displaced nasal bone the medical report was based on.
>
> The defendant Ohio Health never offered medical testimony corroborating alleged injury or medical report.
>
> The alleged CT Scan Image was dictated by William Tarrant with the workstation identification of 43017 [illegible word] 487, 43017 being a Dublin, Ohio zip code where Ohio Health Dublin Methodist Hospital Operates.
>
> Mary Wallace testified about the dictation (State Exhibit #8) that she didn't know who William Tarrant was. (State of Ohio v. Beightler, 2018 CRI #2084 8 nov 2018 Trial Vol 1, p. 76–77)
>
> On 9 nov 2018, the jury convicted Stephen A. Beightler of felonious assault for the acute bilateral displaced nasal bone of Mark S. Beightler as a result of defendant Ohio Health's injurious libel. (State of Ohio v. Beightler, Hardin County 2018 CRI #2084, 8 nov 2018 Trial Vol. 1, p. 62–64; State of Ohio v. Beightler, 2018 CRI #2084 Document #76)
>
> On 13 nov 2018, the court's judgment of 8 years in a penal institution and public record of conviction was entered, an injurous [sic] record, and enduring, [illegible word] circumstance.

(ECF No. 1, at PG. ID #3–5.)

Plaintiff appears to allege that evidence at his trial was either improperly presented or improperly supported. To the extent Plaintiff's claims are premised upon an alleged

---

[1] As set forth above, Plaintiff amended this allegation to reflect the date of August 23, 2018. (ECF No. 3.)

unconstitutional criminal conviction, his claims are "Heck-barred." The United States Supreme Court has held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, under *Heck*, Plaintiff cannot proceed with a § 1983 claim because he cannot "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486–87. Moreover, to the extent Plaintiff seeks to directly challenge the fact or duration of his confinement, his sole remedy in federal court is filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)).

Further, Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in

controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Smith v. World Fin. Network Bank*, 2017 WL 9517717, at *1 (S.D. Ohio, 2017).

Plaintiff fails to state a claim arising under federal law. Plaintiff names Ohio Health, a not-for-profit healthcare system in central Ohio, as the only Defendant. Insofar as Plaintiff asserts that Defendant violated his due process rights, "[t]o proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (concluding that due process claim failed as a matter of law where the defendant was not a state actor); *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 594 F. Supp. 2d 833, 843 (N.D. Ohio 2009) ("Because defendants are not state actors, they cannot be held liable under the Fourteenth Amendment.") (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974) ("'[P]rivate conduct, however discriminatory or wrongful,' falls outside the scope of the Fourteenth Amendment[.]")). "The principal inquiry to be undertaken in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment to the United States Constitution is whether the party's actions may be 'fairly attributable to the State.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff fails to show Ohio Health was acting under color of state law to deprive him of a right secured by the Constitution or laws of the United States. Plaintiff's limited assertions do not support any claim arising under Section 1983 against Defendant. *Iqbal*, 556 U.S. at 678; *see Lugar*, 457 U.S. at 937; *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."); *Al-Bari v. Schofield*, No.

1:12-cv-00111, 2013 WL 1943016, at *2 (M.D. Tenn. May 9, 2013) ("Regardless, the insurance company is not a state actor that may be sued for constitutional violations under § 1983."); *Horen*, 594 F. Supp. 2d at 843.

Finally, Plaintiff cannot successfully invoke this Court's diversity jurisdiction because Plaintiff and Defendant are both Ohio residents. (ECF No. 1, at PG. ID # 3 (listing Kenton, Ohio as the address for Defendant Ohio Health, listing Madison Correctional Institution in London, Ohio as the address for Plaintiff).) In addition, Plaintiff has failed to plead facts that show the amount in controversy exceeds $75,000. (ECF No. 1, at PG. ID #5–6 (identifying requested relief as changing the names of various hospitals and health centers, costs associated with these name changes, and a formal apology from Defendant to Plaintiff).) Accordingly, the undersigned cannot discern a basis for diversity jurisdiction.

### III.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. (ECF No. 6.) Plaintiff's original Motion for Leave to Proceed *in forma pauperis* is **DENIED AS MOOT**. (ECF No. 1.) Plaintiff's Motion for Leave to Amend is **GRANTED**. (ECF No. 3.) For the foregoing reasons, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Flyod v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: July 24, 2019**          */s/ Elizabeth A. Preston Deavers*
                                 **ELIZABETH A. PRESTON DEAVERS**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**