# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHEN BEIGHTLER,

    Plaintiff,

v.

OHIO HEALTH,

    Defendant.

CASE NO. 2:19-CV-2329
JUDGE SARAH D. MORRISON
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Exempt Collection (ECF No. 9), which the Court construes as an objection to the Report and Recommendation (R&R) issued by the United States Magistrate Judge on July 24, 2019 (ECF No. 7).

Plaintiff's objection only encompasses the Magistrate Judge's determination that his inmate trust account be garnished in accord with 28 U.S.C. § 1915. (ECF No. 9.) Plaintiff relies on O.R.C. § 2329.66(A)(3) to argue that he should be exempted from paying the filing fee as described in 28 U.S.C. § 1915(b). (ECF No. 9.) Section 2329.66 does not apply. It exempts particular property only from "execution, garnishment, attachment, or sale to satisfy a judgment or order . . . ." Ohio Rev. Code Ann. § 2329.66 (West 2019). However, there has been no "judgment" or "order" to be "satisf[ied]." The amount Plaintiff is required to pay is a filing fee necessary to bring the "civil action" that he has brought. *See* 28 U.S.C. § 1915(b)(1) (2018). He must pay this fee in order to file the case at all, which is a necessary prerequisite to the issuance of any judgment or order. The objection is **OVERRULED**, and the Court **AFFIRMS** the Magistrate Judge's determination that Plaintiff be required to pay the filing fee in accordance with § 1915(b). (ECF No. 7, at 1–2.)

Turning to the substance of Plaintiff's Complaint, because the time for objections to the R&R has long since passed without any other objections, the Court **ADOPTS** the R&R, but only as it pertains to the Magistrate Judge's finding that the Court lacks subject matter jurisdiction to consider this lawsuit. If the Court lacks subject matter jurisdiction, it lacks any authority to hear the case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). As a result, the Court lacks the authority to consider any other issues in the matter beyond the issue of subject matter jurisdiction. The Court thus **ADOPTS** only the portion of the R&R explaining why this Court lacks subject matter jurisdiction. The case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The Court also takes note of Plaintiff's frivolous request for relief. (ECF No. 9 (requesting that the Court order Ohio Health to change its name to "European Alternative Health" and to change the names of its various hospitals).) Plaintiff should be advised that he is required to comply with Rule 11 of the Federal Rules of Civil Procedure, which requires an unrepresented party to certify that all pleadings presented to a court not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Fed. R. Civ. P. 11(b)(1). Should Plaintiff violate this rule in the future, he may be subject to an "appropriate sanction," which may include a monetary penalty. *Id.* 11(c). He is not entitled to make a mockery of the justice system.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**